# UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

**David L. Piester**                                         100 Centennial Mall North, Suite 566
**Magistrate Judge**                                         Lincoln, Nebraska  68508
                                                             402/437-5235   FAX:  402/437-5705

August 5, 2005

  Re:  4:05CV3141 William Boss, et al. vs. Arapahoe Telephone Company, et al.

Dear Counsel of Record and Parties Appearing Without Counsel,

My purpose is to inform/remind you of expectations and requirements of litigating in this court; to encourage you to plan the preparation of your case carefully; and hopefully to encourage you and your client to discuss the costs and perils of litigation before abandoning other possible resolutions to this dispute. Attorneys are encouraged to share a copy of this letter with your client.

### CM/ECF (Case Management/Electronic Case Filing)

As you know, all pleadings, briefs, and evidence indexes must now be filed electronically or submitted to the Clerk in .pdf format. To obtain registration forms, review the CM/ECF administrative procedures, and learn more about electronic filing, please visit the court's web site at http://www.ned.uscourts.gov/cmecf/index.html. You may also direct questions to the CM/ECF Help Desk in Lincoln at 1-866-220-4379, Option 2, or in Omaha at 1-866-220-4381, Option 0.

### "Meet and Confer" Obligations

As provided in Fed. R. Civ. P. 26, you must immediately "meet and confer" regarding case preparation. The purposes of the meeting are to identify and eliminate claims and defenses that have no application to the case or that are not genuinely asserted (i.e. get rid of the "boilerplate" in your pleadings and get to the real claims and defenses); and to plan for the most expeditious methods of preparing the case for settlement negotiations or, if necessary, trial. One result of this meeting should be a narrowing of issues. Plaintiff should initiate this meeting. I urge you to study carefully the provisions of Rules 16(b), 26(a)(1), and 26(f) to prepare for your meeting. The court expects to receive a detailed report which includes, among other matters:  (1) A statement of the elements of each claim and defense raised; (2) A statement of which of those elements are genuinely disputed; (3) A statement of which of the disputed facts will require discovery to resolve; (4) Whether summary judgment may be appropriate for some or all of the disputed elements, and if so, what initial discovery must be completed to make that decision and when it will be completed; (5) Whether the parties consent to disposition by a magistrate judge; and (6) How soon you can be prepared to engage in serious settlement discussions. An agenda/report form is enclosed. Your report should be filed by **August 23, 2005.**

The "meet and confer" requirements of the 2000 amendments to the civil rules do require time and effort on your part. Litigation counsel report that this meeting, if used constructively, provides good opportunities to meet opposing counsel and plan the economical use of time and money in completing discovery, particularly electronic discovery. I hope you will put the effort into it to reap those benefits.

## Initial Progression Order and Planning Conference

Relying upon the report provided by you, I shall enter an "initial" progression order which will set deadlines for initial disclosures and authorize the commencement of discovery. Approximately sixty to one hundred twenty days later I shall hold a planning conference with you, either in chambers or by telephone. The conference will include discussion on the following: Rule 26(a)(1) disclosures; identification of expert witnesses (Full reports required by Rule 26(a)(2) need not have been served by then); any discovery problems experienced or anticipated; scheduling of summary judgment motions; entry of a final progression order, including dates for the close of discovery, pretrial conference, and week for trial. You will be expected to have completed your initial round(s) of disclosures and discovery; to have discussed with opposing counsel plans for readying the case for trial; to have exchanged genuine--not "postured"--proposals for settlement; and to have authorization to negotiate further during the conference. Have your calendars in front of you.

## Consent Trial Before Magistrate Judge

As you know, magistrate judges have full authority, upon consent of the parties, to preside at jury and non-jury trials and enter dispositive orders and judgment. Civil cases on district judges' trial calendars are subject to "bumping" by criminal cases requiring speedy trial, as well as by other civil cases, causing added expense and delay. With rare exceptions, firm trial settings are provided only by the magistrate judges. A consent to trial by a magistrate judge cannot be initiated by motion. Rather, all attorneys and unrepresented parties must sign the consent form and submit it to the clerk's office. When the order reassigning the case is filed, my chambers staff will contact you about setting a specific, firm trial date. Trials are scheduled in the order in which the consents are received.

You may be aware of two recent developments affecting this court's ability to reach civil cases for trial. First, this district lost a judgeship in May, 2004, thus reducing the number of active district judges from four to three; this lack of judicial personnel is not expected to change in the foreseeable future. For the twelve months ending September 30, 2004 the district's "weighted filings" of cases per judgeship was fifth highest in the nation; the number of case terminations was sixth highest in the nation; and the number of trials completed was fourth highest in the nation. Second, the criminal case load was, per judgeship, the highest in the Eighth Circuit and sixth highest nationally. The district is heavily relying on senior judges, visiting judges, and magistrate judges to timely dispose of civil cases. In light of these developments you are urged to seriously consider consenting to trial and disposition of your case before a magistrate judge.

## Complex Cases

If this case is complex or will require that discovery be conducted in phases or otherwise directed by the court, I am available to conduct a preliminary conference with you, either in chambers or by telephone, pursuant to F. R. Civ. P. 16(b). If you cannot complete your report because of the complexity of the case, plaintiff's counsel should telephone my secretary as soon as you have jointly determined that you need such a conference, and she will schedule it with you.

## Mediation and Settlement

Before you submit your planning report, you should discuss candidly with your client and opposing counsel whether this dispute should be settled. Discuss the costs, time, and uncertainties of litigation and seriously consider some form of alternative dispute resolution technique. If you want to mediate the case now, tell me that in your report (see below). If you want to do "initial discovery" before considering it, tell me when you will have completed that discovery; I will then order plaintiff's counsel to present an updated settlement proposal at that time. If you think this case should not and will not be settled, tell me that.

Page 3

Mediation offers a prompt and less expensive means to resolve disputes. For the five years 2000-2004, 68% of the cases mediated were settled "at the table," and 82% of the cases mediated were settled either "at the table" or, according to the lawyers, later only "because of" the mediation; that is, the lawyers believed that their case would never have settled without mediation. For the last two years the rate has been 91%. As you know, the court has approved certain attorney-mediators in Nebraska as qualified to mediate federal cases. The Mediation Plan and information on each individual approved mediator can be found on the court's website. You are not limited to selecting an approved mediator. There are also attorneys and others who offer mediation or other settlement services in Nebraska. Study the Mediation Plan to decide your preference for an approved mediator or a non-approved neutral. If you and/or your client thinks mediation may be appropriate in this case, you should discuss it now with each other and your opponents. If you all decide to pursue mediation, call my office and inform my staff: (1) whom you've hired as your mediator or "neutral"; (2) when your mediation is planned; and (3) whether you want to stay the progression of the case pending completion of the mediation. Once I have that information, I can enter an appropriate mediation reference order.

### Scheduling "Defaults"

Unless you justify longer periods for this case, it is customary to permit sixty days from entry of the initial progression order to file motions to dismiss or summary judgment based on qualified immunity and for addition of parties, amendment of pleadings, and class certification. Likewise, unless you justify a different schedule, I will set your conference with me approximately sixty to one hundred twenty days after the entry of the initial progression order, depending on the information in your report. If such "defaults" are not appropriate in this case, please tell me in your planning report what timing would be appropriate.

### Report Due Date

Please meet soon and review the enclosed form as a suggested agenda. I shall expect to see your filed report by **August 23, 2005.**

I look forward to reviewing your report and working with you on this case. Thank you for your attention to these matters.

Yours truly,

s/ David L. Piester
United States Magistrate Judge

Enc.

**NOTE**: For Lincoln cases both Judge Kopf and Senior Judge Urbom schedule combined jury and nonjury terms each month. Trials before them each week will usually be set and called in the following order: criminal; civil "carry-overs" from previous terms; civil jury; civil non-jury. Lincoln cases set for trial before me are specially set in accordance with your availability. North Platte cases are scheduled for trial before the assigned district judge during February, May, August, or October of each year, depending on the rotation schedule. Judge Kopf is scheduled to be in North Platte only in February of each year. Trials in North Platte before magistrate judges are specially set during the week before and the week following any district judge's trial term there.

Rev: 6/05

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| Plaintiff, | ) ) ) ) | 4: CV |
| v. | ) ) ) | |
|  | ) ) ) | REPORT OF PARTIES' PLANNING CONFERENCE |
| Defendant. | ) ) | |

Counsel for the parties met on _____ in person/by telephone. Representing plaintiff was _____; representing defendant was _____. The parties discussed the case and jointly (except as noted below) make the following report:[1]

I. Initial Matters:

    A. <u>Jurisdiction and Venue</u>: The defendant does \_\_\_ does not \_\_\_ contest jurisdiction and/or venue. If contested, such position is because:

        1. Jurisdiction: _____

---

[1] Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc. If such identifiers are required to be disclosed to opposing parties, you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions. See, "Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases" available on the court's website at www.ned.uscourts.gov.

  2. Venue: _____

B. <u>Immunity</u>: The defendant has raised __ will __ will not __ raise an immunity defense. If so:

  1. Basis of Immunity Defense: _____

  2. The earliest defendant can file a motion to dismiss on the basis of immunity is: _____ .

C. If either jurisdiction or venue is being challenged, or if a defense of immunity will be raised, state whether counsel wish to delay proceeding with the initial phases of discovery until those issues have been decided, and if so:

  1. The earliest a motion to dismiss or transfer will be filed is: _____ .

  2. The initial discovery, limited to that issue, that will be necessary to file or respond to the motion is _____

_____ .

D. <u>Rule 11 Certification</u>: As a result of further investigation in accordance with <u>Fed. R. Civ. P.</u> 11 after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered). The parties further certify that all claims and defenses remaining appear in good faith to be fully supported by the facts of the dispute, in accordance with <u>Fed. R. Civ. P</u>. 11.

_____

_____ .

II. Remaining Claims and Defenses:

A. <u>Plaintiff's Claims, Elements, Factual Application</u>: The elements of the plaintiff's remaining claims and the elements disputed by defendant are as follows. For each claim, list and number

each substantive element of proof *and* the facts plaintiff claims make it applicable or established in this case (DO NOT simply repeat boilerplate conclusions from pleadings):

1.  CLAIM ONE: _____

    Elements and Factual Application:

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

_____  Of those elements, defendant disputes the following numbered elements:

    _____.

(REPEAT FOR EACH CLAIM)

B.  <u>Defenses</u>.  The elements of the remaining defenses raised by the pleadings are as follows. List each affirmative defense raised or expected to be raised by the defendant(s), the substantive elements of proof for it, *and* how the defendant claims the facts of this case make such defense applicable or established.  (DO NOT simply repeat boilerplate conclusions from pleadings):

1.  FIRST DEFENSE: _____

    Elements and Factual Application:

    _____
    _____
    _____
    _____
    _____
    _____

Of these elements, plaintiff disputes the following elements: _____.

(REPEAT FOR EACH DEFENSE)

III. Amending Pleadings; Adding Parties:

A. The plaintiff does ___ does not ___ anticipate need to amend pleadings or add parties. If necessary, plaintiff can file the necessary motions to add parties or amend pleadings by _____. If more than sixty days, the reasons that much time is necessary are: _____.

B. The defendant does ___ does not ___ anticipate need to amend pleadings or add parties. If necessary, defendant can file the necessary motions to add parties or amend pleadings by _____. If more than sixty days, the reasons that much time is necessary are: _____.

C. Plaintiff will ___ will not ___ move for class certification. The proposed class is (if not fully described in the pleadings): _____. The earliest the motion for class certification can be filed is: _____.

IV. Dispositive Motion Assessment:

.        A. The following claims and/or defenses may be appropriate for disposition by early motion to dismiss: _____
_____.

B. The following claims and/or defenses may be appropriate for disposition by summary judgment or partial summary judgment: _____
_____.

C. The discovery necessary to determine whether to file dispositive motions on such claims and/or defenses is _____.
It can be completed, at the earliest, by _____.

V. Settlement:

A. Status/Assessment of Settlement Discussions. Counsel state:

___ There have been no efforts taken yet to resolve this dispute.

___ This dispute has been the subject of efforts to resolve it ___ prior to filing in court; ___ after court filing, but before the filing of this report. Those efforts consisted of:
_____
_____.

___ Counsel believe that with further efforts in the near future, the case can be resolved, and the court is requested to delay entering an initial progression order for ____ days to facilitate immediate negotiations or mediation. Defendant's counsel will report to the court by letter at the end of this period on the status of such discussions.

___ Counsel have discussed with clients *and* opposing counsel the court's Mediation Plan and its possible application in this case. Mediation ___ will be appropriate in this case at some point; ___ will not be appropriate because: _____
_____.

___ This case can be settled, but settlement is not very likely, and negotiations will be difficult, because: _____
_____.

   \_\_\_   This case will not be settled, because: _____

_____.

B. Next Step. The *minimum* discovery needed to conduct further settlement discussions is: By Plaintiff(s): _____

By Defendant(s): _____

This discovery will be completed by _____, and plaintiff(s) will then communicate to defendant(s) a written, updated settlement proposal.

VI. Discovery Plan: The parties submit the following plan for their completion of discovery:

    A. <u>Subjects for Discovery</u>: Discovery will be necessary to resolve the following factual issues:[2]

_____

_____

_____

_____.

    B. <u>Agreed Discovery Procedures</u>:

        1. Unique Circumstances. The following facts or circumstances unique to this case will make discovery more difficult or more time consuming:

_____

_____. Counsel have agreed to the following actions to address that difficulty:

_____

_____.

---

[2] Ahem. NOT "liability and damages."

2. Electronic Discovery Provisions:[3] Counsel have conferred regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

(a)     The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;

(b)     The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

(c)     The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;

(d)     Whether reasonable measures have been implemented to preserve such data;

(e)     The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;

(f)     The form and method of notice of the duty to preserve;

(g)     Mechanisms for monitoring, certifying, or auditing custodial compliance;

(h)     Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;

---

[3] These provisions are taken essentially from the local rules of the Eastern District of Arkansas as well as the pending amendments to the Federal Rules of Civil Procedure. At some point these or similar provisions addressing these subjects may be included in the local rules for this district; therefore, counsel are requested to submit any comments or suggestions to either the judges or members of the Federal Practice Committee.

    (i)    Methods to preserve any potentially discoverable materials such as voicemail, active data in databases, or electronic messages;

    (j)    The anticipated costs of preserving these materials and how such costs should be allocated; and

    (k)    A procedure for modifying the preservation order as the case proceeds.

The parties agree that:

\_\_\_\_ No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

\_\_\_\_ The following provisions should be included in the court's scheduling order (listing them): _____.

3. Disclosures[4] required by Rule 26(a)(1), including a statement of how each matter disclosed relates to the elements of the *disclosing party's* claims or defenses \_\_\_ have been completed; \_\_\_ will be completed by _____.

4. Discovery will be conducted in stages or otherwise restricted, as follows (State agreed restrictions, stages, scheduling stays, etc. NOTE: The court will expect discovery described in Parts IV and V, above to be undertaken first, unless there is good reason to delay it.
_____.

5. \_\_\_\_ Is the maximum number of interrogatories, including sub-parts, that may be served by any party on any other party.

6. \_\_\_\_ Is the maximum number of depositions that may be taken by plaintiffs as a group and defendants as a group.

---

[4] See note 1, supra.

      7.    Depositions shall be limited by Rule 30(d)(2) *except* the depositions of _____, which by agreement shall be limited as follows: _____ .

      8.  If expert witnesses are expected to testify at the trial, counsel agree to at least *identify* such experts*, by name and address,* (i.e., *without* the full reports required by Rule 26(a)(2)), by _____ .

      9.  The parties stipulate that they shall be required to give at least \_\_\_ days' notice of their intention to serve records/documents subpoenas on third parties, to enable court consideration of them, if necessary, prior to issuance.

      10.  Other special discovery provisions agreed by the parties or suggested by either party are: _____

VII.  Consent to Trial Before Magistrate Judge:   Answer ONLY if the parties have not previously consented :

      The parties do \_\_\_ do not \_\_\_ consent to trial before a magistrate judge, and if so, will send \_\_\_ have sent \_\_\_ the executed consent form to the clerk's office.  (The clerk prefers that consent forms be mailed with original signatures).

VIII.  Trial Scheduling:

      A.  The parties now anticipate that the case can be ready for trial in _____, 200 \_\_, and (if more than eight months from now) the special problems or circumstances that necessitate that much time for trial preparation are: _____ .

      B.  It now appears to counsel that the trial of this case, if necessary, will require \_\_\_\_\_ trial days.

      C.  Jury Trial:

          1. \_\_ Having previously demanded jury trial, the plaintiff now waives jury trial. Defendant will file a demand for jury trial within ten days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

          2. \_\_ Having previously demanded jury trial, the defendant now waives jury trial.

          3. \_\_ The parties disagree on whether trial by jury is available in this case.  A motion to strike the _____'s demand for jury trial will be filed no later than _____ .

IX. Other: Other matters to which the parties stipulate and/or which the court should know or consider:

_____

_____.

_____         _____

       Counsel for Plaintiff                           Counsel for Defendant

**IMPORTANT NOTICE: AFTER ALL PARTIES HAVE SIGNED THIS FORM, E-MAIL IT IN .PDF TO "consent@ned.uscourts.gov."  IF PLAINTIFF IS PRO SE, MAIL TO THE CLERK'S OFFICE AT 111 South 18th Plaza, Suite 1152, Omaha, NE 68102.  DO NOT ELECTRONICALLY FILE THIS FORM OR SUBMIT IT TO CHAMBERS.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| _____, | ) | Case Number:  \_\_:\_\_\_CV_____ |
|---|---|---|
| Plaintiff(s), | ) | CONSENT TO EXERCISE OF JURISDICTION |
| v. | ) | BY A UNITED STATES MAGISTRATE JUDGE |
| _____, | ) | |
| Defendant(s). | ) | |

CONSENT TO EXERCISE OF JURISDICTION BY UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case hereby voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment.  Any appeal shall be taken to the United States Court of Appeals for the Eighth Circuit.

| Signature of Attorney or Party | Name of Party | Date |
|---|---|---|
| _____ | For_____ | _____ |
| _____ | For_____ | _____ |
| _____ | For_____ | _____ |
| _____ | For_____ | _____ |

DISTRICT JUDGE OPTION

Pursuant to 28 U.S.C. § 636(c)(2) and Fed. R. Civ. P. 73, the parties in this case hereby acknowledge the availability of a United States Magistrate Judge but elect to have this case randomly assigned to a United States District Judge.

| Signature of Attorney or Party | Name of Party | Date |
|---|---|---|
| _____ | For_____ | _____ |
| _____ | For_____ | _____ |
| _____ | For_____ | _____ |
| _____ | For_____ | _____ |