IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM BOSS and NANCY BOSS, Husband and Wife,  <br><br>Plaintiffs,  <br><br>vs.  <br><br>ARAPAHOE TELEPHONE COMPANY, a Nebraska Corporation, and JOHN M. KOLLER, Individually,  <br><br>Defendants. | 4:05CV3141  <br><br><br><br>**MEMORANDUM AND ORDER** |

Pending before me is a motion for summary judgment and a motion to strike an affidavit. I deny both of the motions. Here is a brief explanation of why I have done so:

\*      There are disputed material facts precluding summary judgment regarding the plaintiffs' respondeat superior and corporate negligence claims against Arapahoe Telephone Company ("ATC"). This is true even if I disregard Mr. Boss' affidavit. For example, there is competent evidence from which a reasonable jury might conclude that Mr. Koller was president of ATC and he thus possessed the authority to bind ATC to employ Mr. Boss to build the house; for a time, ATC paid Mr. Boss' salary and it issued a 1099 to him as a result; ATC paid, and kept records regarding, other expenses pertinent to the building project; the crane was purchased by ATC with the building project in mind; the crane was never used by ATC prior to it being put to work on the building project; besides the crane, certain other ATC assets were used to assist in the completion of the building project; and Mr. Boss refused to sign a belatedly prepared written contract that excluded ATC as a party to the alleged oral agreement.

    \*     I know that Nebraska has not yet adopted the doctrine of strict liability for ultra hazardous or abnormally dangerous activities. Anderson v. Nashua Corp., 519 N.W.2d 275, 281 (Neb. 1994). I am doubtful that Nebraska would adopt that doctrine for cases like this one. Here, the general activity (use of crane to build a house) is not particularly dangerous, although the specific use of the crane that caused the injury (putting a person in a sling to be lifted by the hoist) looks pretty risky. That said, when deciding whether Nebraska would adopt the doctrine of strict liability for especially dangerous activity, the Eighth Circuit Court of Appeals has stressed the importance of the strength of the record. See, e.g., In re Derailment Cases, 416 F.3d 787, 796 (8th Cir. 2005) (observing that the Nebraska Supreme Court has repeatedly avoided the question when there was an "insufficient evidentiary basis"; the Eighth Circuit predicted that the Supreme Court of Nebraska would decline to reach the issue of whether Nebraska had adopted the doctrine of strict liability for ultra hazardous or abnormally dangerous activities in a tort action against a railroad; the Court of Appeals affirmed a Rule 12(b)(6) dismissal because a bare allegation of an ultra hazard (transporting benzene by rail through populated areas) lacked evidentiary support). Given the importance placed on the strength of the record by the Court of Appeals in the Derailment Cases,[1] realizing that there are some facts here suggestive of unusual risk, and realizing that this case must be tried in any event on the same facts and closely related concepts of negligence, answering the question of whether

---

[1] These were my cases. To be utterly frank, I am a little bit confused by the Circuit's decision. I had pitched the cases because common carriers had no choice but to carry nasty chemicals. (See Filing 597, page 3, to consolidated case 4:03CV3195.) As a consequence, and while I assumed that the cartage of the chemicals was ultra hazardous, I found that Nebraska would not recognize the doctrine under such circumstances. The Circuit seemed to say that I was right (sort of), but for the wrong reason. That is, the Court of Appeals evidently reasoned that the plaintiffs' complaint failed to allege sufficient facts showing that the activity was really dangerous and as a result Nebraska would not even speculate about whether to adopt the doctrine in such a circumstance. It is the Circuit's focus on the facts that causes me to be timid here.

the doctrine—strict liability due to an ultra hazard—is applicable here should be deferred until the end of the plaintiffs' case in chief.  Thus, I will deny the summary judgment motion on this question without prejudice to a Rule 50 motion.[2]

Accordingly,

IT IS ORDERED that Arapahoe Telephone Company's motion for summary judgment (filing 49) and related motion to strike (filing 57) are denied.

September 18, 2006.                    BY THE COURT:

                                       *s/Richard G. Kopf*
                                       United States District Judge

---

[2] However, if I were a betting man, I would not wager much on the plaintiffs getting this issue to the jury.  If nothing else, federalism principles suggest that a federal court ought not dream up a new state law tort claim unless there is a very clear basis for doing so and the state's highest court is likely to see it the same way.  In short, one wonders why good old negligence principles are not alone sufficient to address cases like this one.